Case 4:15-cv-03767   Document 81   Filed in TXSD on 02/08/17   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
February 08, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SHANE DUNN, TDCJ #1701073, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3767 |
| DAKOTA DAVIDSON, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

State inmate Michael Shane Dunn (TDCJ #1701073) has filed a complaint under 42 U.S.C. § 1983, alleging that Officer Dakota Davidson used excessive force against him. Davidson has filed an amended motion for summary judgment [Doc. # 71]. Dunn has filed more than one response [Docs. # 75, # 80]. Dunn has also filed a motion for appointment of counsel [Doc. # 78] and a motion for a temporary restraining order [Doc. # 79], alleging that he has been retaliated against for filing this lawsuit. After considering all of the pleadings, the evidence, and the applicable law, Davidson's summary judgment motion will be granted, in part, and denied, in part. For reasons set forth further below, the Court will grant Dunn's motion for appointment of counsel, but will withhold ruling on his motion for a temporary restraining order until after counsel for the defendant has filed a response.

## I.  BACKGROUND

Dunn is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Wynne Unit in Huntsville.[1] Dunn sues Dakota Davidson, who was formerly employed by TDCJ as a correctional officer at the Wynne Unit.[2]

Dunn contends that Davidson used excessive force against him without any justification at the Wynne Unit on August 10, 2014.[3] On that date, Davidson was supervising 4-Row, where Dunn was assigned.[4] While conducting an "in and out" to allow inmates out of their cells to go to the dayroom, Davidson reportedly became agitated when he noticed Dunn loitering at his cell.[5] After Davidson ordered Dunn to "[g]et off the run," Dunn began walking towards the dayroom when he stopped and turned.[6] The parties dispute what happened next.

---

[1]  Complaint [Doc. # 1], at 4.

[2]  *Id.*

[3]  Supplement to Complaint [Doc. # 1-1], at 9.

[4]  *Id*.

[5]  *Id.*

[6]  *Id.*

During the administrative use-of-force investigation, Davidson stated that Dunn stepped towards him in an aggressive manner with his fists clenched.[7] Another officer who was stationed nearby (Officer Debra Watson) reportedly saw Dunn raise his hand while arguing with Davidson.[8] Believing that he was about to be attacked, Davidson struck Dunn in the face several times until Dunn dropped to the floor.[9] Davidson contends that Dunn refused to comply with orders to place his hands behind his back and attempted to get up and push Davidson over the rails in an effort to throw Davidson off the run.[10]

Dunn disputes Davidson's account, alleging that Davidson was the aggressor.[11] Dunn claims that Davidson assaulted him for no reason and continued punching him in the face, head, nose, and mouth even though he was not resisting.[12] Davidson did not stop his assault on Dunn, which lasted over three minutes, until other officers

---

[7] TDCJ Use of Force Report M-04695-08-14 [Doc. # 71-2], at 14 (Written Statement of Officer Davidson).

[8] *Id.* at 22 (Written Statement of Officer Watson).

[9] *Id.* at 14 (Written Statement of Officer Davidson).

[10] *Id.*

[11] Supplement to Complaint [Doc. # 1-1], at 9.

[12] *Id.*

arrived and yelled for him to stop.[13]  In support of his claims, Dunn provides several statements from inmates who heard Davidson calling Dunn names and threatening to "kick [Dunn's] ass" before Davidson assaulted him for no reason.[14]  One of those offenders (Daniel Burke) contends that he saw Davidson brutally beat Dunn, punching him "35-40 times" without any provocation or resistance.[15]

Dunn seeks compensatory and punitive damages under 42 U.S.C. § 1983, alleging that Davidson used excessive force against him in violation of his Eighth Amendment rights.[16]  Davidson moves for summary judgment, arguing that he is entitled to official and qualified immunity from Dunn's Eighth Amendment claims. The Court will first address Davidson's arguments before turning to the motions filed by Dunn.

---

[13]     *Id.*

[14]     Affidavit of James Wesley McCartney, TDCJ #649175 [Doc. # 1-5], at 3;  Witness Statement of Delbert Shane Simmons, TDCJ #760327 [Doc. # 1-5], at 5;  Witness Statement of Fredrick Davis, TDCJ #597029 [Doc. # 1-5], at 7.

[15]     Statement from Daniel Burke, TDCJ #1426602 [Doc. # 1-5], at 1.

[16]     Complaint [Doc. # 1], at 4.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

The defendant's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.*

If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts" showing the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences,

unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes County*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

### B. Eleventh Amendment Immunity

Because he was employed by a state agency at the time the use of force occurred, Davidson contends that he is immune from Dunn's claims for monetary damages against him in his official capacity under the Eleventh Amendment to the United States Constitution.[17] Unless expressly waived, the Eleventh Amendment bars an action in federal court by, *inter alia*, a citizen of a state against his or her own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002). As a state agency, TDCJ is immune from a suit for money damages under the Eleventh Amendment. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The Eleventh Amendment also bars a recovery of money damages under 42 U.S.C. § 1983 from state employees in their official capacity. *See Oliver v. Scott*,

---

[17] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI.

276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

To the extent that Dunn seeks monetary damages in this case, the Eleventh Amendment bars his claims against Davidson for actions taken in his official capacity as a state employee. Accordingly, the Court will grant this portion of Davidson's motion and will dismiss Dunn's request for monetary damages against him in his official capacity.

### C. Qualified Immunity

Davidson argues further that he is entitled to qualified immunity from Dunn's claims against him in his individual capacity. Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). If the defendant's actions violated a clearly established constitutional right, the final step of the analysis asks whether qualified immunity is appropriate, nevertheless, because the defendant's "actions were objectively reasonable" in light of "law which

was clearly established at the time of the disputed action." *Collins v. Ainsworth,* 382 F.3d 529, 537 (5th Cir. 2004).

The plaintiff bears the burden of negating a defendant's claim of qualified immunity. *See Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489-90 (5th Cir. 2001). To avoid summary judgment on the defendant's qualified immunity defense, a plaintiff must present evidence to raise a fact issue "material to the resolution of the questions whether the defendants acted in an objectively reasonable manner in view of the existing law and facts available to them." *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993). "Even if a defendant's conduct actually violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity if the conduct was objectively reasonable." *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 408 (5th Cir. 2007) (quoting *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990)).

### D.     Eighth Amendment — Excessive Force

It is clearly established that claims of excessive force in the prison context are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 319-21 (1986). In evaluating excessive-force claims under the Eighth Amendment, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or

8

maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). As detailed in the *Hudson* decision, relevant factors to consider in evaluating an excessive-force claim include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *See id.* at 7 (citation omitted); *see also Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (reciting the *Hudson* factors).

During an administrative investigation of the use of force at issue,[18] Davidson admitted striking Dunn several times in the head.[19] The medical records reflect that Dunn sustained a bloody nose and a black eye on the left side of his face.[20] Photographs taken of Dunn following the use of force reflect that Dunn's left eye was badly swollen and there appears to be blood on his pants.[21] Dunn was released to

---

[18] TDCJ Use of Force Report M-04695-08-14 [Doc. # 71-2], at 3-40.

[19] *Id*. at 14 (Written Statement of Officer Davidson).

[20] Correctional Managed Care ("CMC") Use of Force Nursing Note [Doc. # 72-4], at 37; CMC Addendum Note [Doc. # 72-4], at 3.

[21] TDCJ Use of Force Report M-04695-08-14 [Doc. # 71-2], at 36-40 (Photographs of Dunn).

9

security following the examination without receiving any treatment.[22] At a follow-up examination, Dunn denied having headaches, double vision, dizziness or weakness, and he was given Ibuprofen for pain consistent with what was described as a "slowly resolving black eye."[23] The records show that Dunn suffered an injury that was more than *de minimis*.

Although the extent of the injury may supply insight as to the amount of force applied, the Supreme Court has made clear that a prisoner need not show significant injury to make an Eighth Amendment claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 37-39 (2010). To determine whether there was an Eighth Amendment violation, the extent of a prisoner's injury must be evaluated in light of the remaining *Hudson* factors, *i.e.*, need for the application of force, relationship between the need and use of force, threat perceived by the official, and efforts made to temper the severity of the response. *See Hudson*, 503 U.S. at 7. These remaining factors are sharply disputed by the parties in this case.

Davidson has alleged in an unsworn statement that he only used force to defend himself in response to Dunn's aggressive posture.[24] The administrative use-of-force

---

[22]     CMC Use of Force Nursing Note [Doc. # 72-4], at 37.

[23]     CMC Clinic Notes [Doc. # 72-4], at 10-11.

[24]     Davidson has not provided an affidavit in support of the motion for summary judgment. He points only to his unsworn statement given in connection with the
(continued...)

investigation conducted following the incident found that the force was justified and that Davidson acted appropriately because Dunn attempted to assault him.[25] A disciplinary hearing officer reached a similar conclusion, finding Dunn guilty of violating prison rules by attempting to assault Davidson.[26]

Dunn adamantly denies that he behaved aggressively or that he attempted to harm Davidson and maintains that Davidson assaulted him unnecessarily without making any effort to avoid or temper the use of force.[27] In support, Dunn points to the statement from Daniel Burke, who claims that he saw Davidson attack Dunn without any provocation,[28] and the statements from other offenders who heard Davidson

---

[24](...continued) administrative use-of-force inquiry. *See* TDCJ Use of Force Report M-04695-08-14 [Doc. # 71-2], at 14 (Written Statement of Officer Davidson).

[25] TDCJ Use of Force Report M-04695-08-14 [Doc. # 71-2], at 3.

[26] TDCJ Disciplinary Report and Hearing Record Case #20140354628 [Doc. # 72-2], at 49.

[27] Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment [Doc. # 80], at 1-2; Plaintiff's Opposition with Brief in Support [Doc. # 80], at 3-4.

[28] Statement from Daniel Burke, TDCJ #1426602 [Doc. # 1-5], at 1.

threaten to harm Dunn immediately before assaulting him.[29] Dunn notes further that Davidson has a record of assaulting other offenders.[30]

Based on this record, there are genuine issues of material fact about whether force was needed and, if so, whether it was excessive to that need in violation of the Eighth Amendment. Likewise, fact issues preclude a finding that Davidson's actions were reasonable under the circumstances such that he is otherwise entitled to qualified immunity. Accordingly, Davidson's motion for summary judgment on the issue of qualified immunity must be denied.

## III. PLAINTIFF'S MOTIONS

### A. Motion for Temporary Restraining Order

Dunn has also filed a motion for a temporary restraining order, alleging that legal materials and personal items have been confiscated from his cell in retaliation for filing this suit at the direction of the State Attorney General's Office, which has

---

[29] Affidavit of James Wesley McCartney, TDCJ #649175 [Doc. # 1-5], at 3; Witness Statement of Delbert Shane Simmons, TDCJ #760327 [Doc. # 1-5], at 5; Witness Statement of Fredrick Davis, TDCJ #597029 [Doc. # 1-5], at 7.

[30] *See* Supplement to Complaint [Doc. # 1-1], at 13 (describing a similar assault by Davidson on inmate Erik Filder, TDCJ #1288766); *see also* Affidavit of Trinidad Olivarez, Jr., TDCJ #1634745 [Doc. # 8] (alleging that Davidson assaulted him for no reason). Court records reflect that Olivarez has also filed suit against Davidson in this district regarding his allegations of excessive-force. *See Olivarez v. Davidson*, Civil No. H-16-3310 (S.D. Tex.).

interfered with his ability to litigate this case.[31] In support, Dunn provides a written notice bearing the warden's signature, reporting that Dunn's property was taken at the request of an "AG Office" employee shortly before Davidson filed his amended summary judgment motion in this case.[32] Dunn seeks the return of his legal materials, compensatory damages for the loss of his property, and an order restraining prison officials from further retaliation.[33]

Dunn's allegations of interference by prison officials and by the Attorney General's Office are cause for concern. If true, these allegations are actionable under 42 U.S.C. § 1983. In that respect, prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977). It is equally clear "that a prison official may not retaliate against or harass an inmate . . . for complaining . . . about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).

To date, Davidson has not filed a response to Dunn's motion for a temporary restraining order, which includes a certificate of service showing that it was served on

---

[31] Motion for TRO [Doc. # 79], at 1-2.

[32] Notice of Confiscation of Written or Printed material During Search for Written Contraband [Doc. # 79], at 7.

[33] Cost of Destroyed Property [Doc. # 79], at 8.

13

defendant's counsel of record.[34] So that the Court may consider whether Dunn's motion warrants relief, the Clerk's Office will be instructed to serve another copy of the motion on defendant's counsel of record, Assistant Attorney General Jared Brehmer. The Court will withhold ruling on the motion until after it has received a response and determined whether additional briefing or a hearing is necessary.

### B. Motion for Appointment of Counsel

Dunn has filed a motion for appointment of counsel, citing the complexity of this case and interference by prison personnel, who have interfered with his ability to litigate by confiscating his legal materials, among other things. A district court may appoint counsel for a civil rights plaintiff if a case presents exceptional circumstances, such as where an indigent plaintiff has colorable claims that may not receive a meaningful hearing without counsel. *See Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015). Although Dunn has done an admirable job representing himself thus far, the Court concludes that the complexity of the issues and the level of skill required to present evidence at trial militate in favor of appointing counsel in this case. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Therefore, the Court will grant Dunn's motion for appointment of counsel. The Court will enter a separate

---

[34] Certificate of Service [Doc. # 78], at 2 (stating that Dunn mailed a copy of his motion for appointment of counsel and his motion for a TRO to Assistant Attorney General Jared Brehmer on November 16, 2016).

order designating counsel of record for Dunn once it locates an attorney who is willing to take this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion for summary judgment filed by Defendant Dakota Davidson [Doc. # 71] is **GRANTED** on the issue of official immunity and **DENIED** on the issue of qualified immunity.

2. The plaintiff's motion for appointment of counsel [Doc. # 78] is **GRANTED**. The Court will enter a separate order designating counsel of record for the plaintiff once it locates an attorney who is willing to take this case.

3. The Clerk will serve a copy of plaintiff's motion for a temporary restraining order [Doc. # 79] on defendant's counsel of record, Assistant Attorney General Jared Brehmer, who shall file a response within **ten (10) days** of the date of this order.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on February 8, 2017.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE