UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SHANE DUNN, *Plaintiff*, | § § § § | |
| v. | § § § § | Civil Action No. 4:15-CV-03767 |
| DAKOTA DAVIDSON, *Defendant*. | § § § | Jury Trial Demanded |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Michael Shane Dunn files this First Amended Complaint against Defendant Dakota Davidson and respectfully shows the following:

### I.
### PARTIES

1.  Plaintiff Michael Shane Dunn, an individual, is a former inmate who, at the time of the events giving rise to this suit, was in the custody of the Texas Department of Criminal Justice ("TDCJ") at the Texas State Prison in Huntsville, Texas. Mr. Dunn may be served with process through his undersigned counsel of record.

2.  Defendant Dakota Davidson, an individual, is a former employee of the TDCJ. Defendant has been served and has already appeared in this action.

1

4818-4883-2585, v. 1

## II.
## JURISDICTION & VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has jurisdiction to hear claims brought under 42 U.S.C. § 1983 to enforce rights under the Eighth Amendment to the United States Constitution.

4. Venue for this suit is proper in the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Mr. Dunn's claim occurred in Huntsville, Walker County, Texas, which is situated within the Houston Division of the Southern District of Texas. Additionally, venue for this suit is proper in the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because, on information and belief, Defendant resides within the district.

## III.
## CONDITIONS PRECEDENT

5. All conditions precedent, if any, have been performed or have occurred.

## IV.
## FACTUAL BACKGROUND

6. This case arises out of Defendant's unnecessary and unjustified use of force on Mr. Dunn while Mr. Dunn was incarcerated as an inmate, and Defendant worked as a correctional officer, at the TDCJ's Texas State Prison in Huntsville.

7. On or about the morning of August 10, 2014, Defendant was performing ingress/egress—also known in prison parlance as "in-and-outs"—on the facility's "4Row," in Cell Number 26. "In-and-out" was the process by which correctional officers like Defendant escorted prisoners like Mr. Dunn out of their cells and off the cell block so the prisoners could spend their free time watching television, placing phone calls to loved ones, or engaging in other leisure activities.

8. As part of this process, Defendant instructed Mr. Dunn to exit his cell if Mr. Dunn wished to avail himself of his in-and-out time. Mr. Dunn complied with this instruction by exiting his cell. Immediately upon exiting, Mr. Dunn realized that he had forgotten legal paperwork pertaining to his then-pending application for custody of his daughter, so Mr. Dunn reached back into his cell to retrieve the paperwork.

9. Apparently growing impatient with the pace of Mr. Dunn's egress from his cell, Defendant began yelling at Mr. Dunn to hurry up and screaming profane language at Mr. Dunn. In one such utterance, Defendant exclaimed that "I gave you enough time to get your shit! Get the fuck off the run; I've got to finish doing my in-and-out!" Again, in compliance with Defendant's instruction, Mr. Dunn abandoned his search for his daughter's custody paperwork, and resumed his egress from his cell and off 4Row as ordered.

10. Mr. Dunn made it as far as Cell Number 14, where he paused momentarily to ask one of his fellow inmates a question. At that point, and without provocation, Defendant charged Mr. Dunn in a threatening manner, causing Mr. Dunn to ask Defendant if he (Defendant) intended to use force on Mr. Dunn. In response to that question, Defendant replied "no"—and then promptly proceeded to viciously beat Mr. Dunn.

11. During the beating, which Mr. Dunn estimates lasted at least three minutes, Defendant—who, on information and belief, possessed mixed martial arts (MMA) training at the time—struck Mr. Dunn repeatedly with closed fists and elbows in the head and torso. Defendant's initial blows caused Mr. Dunn to drop to one knee, and then to two. Throughout the beating, Mr. Dunn never attempted to resist Defendant in any way, although Mr. Dunn's lack of resistance did not stop Defendant from continuing to pummel Mr. Dunn for an extend duration of time, even after Mr. Dunn was on the ground and fading in and out of consciousness.

12. Defendant sustained no injuries as a result of his assault on Mr. Dunn. Mr. Dunn, on the other hand, sustained extensive injuries. Defendant blackened both of Mr. Dunn's eyes, and they remained that way for nearly three months. In addition, Defendant cut Mr. Dunn underneath his left eye with one of his blows, and he broke Mr. Dunn's back wisdom teeth with another. Moreover, according to the "Use of Force Nursing Note" that the TDCJ issued on the date of the incident (ECF

No. 1-1 at 16), Defendant bloodied Mr. Dunn's nose and left the side of Mr. Dunn's face red. These injuries—coupled with chronic sensations of dizziness, headaches, and a swollen face and eyes—required the TDCJ to secure medical treatment for Mr. Dunn beyond his initial visit to the prison infirmary, resulting in Mr. Dunn being transported to University of Texas Medical Branch (UTMB) Hospital in Galveston, Texas, to undergo a CAT Scan, among other procedures.

13. In the wake of Defendant's attack, Mr. Dunn was segregated from his fellow inmates for 17 days, purportedly for an "attempted staff assault," and it is believed that this entire incident delayed Mr. Dunn's parole, thereby causing him to spend more time in prison than he otherwise would have.

14. On information and belief, Defendant has attacked at least one other prisoner at the Huntsville unit in a similar manner, and the TDCJ has since fired Defendant.

# V.
# CAUSE(S) OF ACTION

### COUNT ONE
### Excessive Use of Force in Violation of Constitutional Rights under the Eighth Amendment pursuant to 42 U.S.C. § 1983

15. Mr. Dunn hereby incorporates and re-alleges all preceding paragraphs as if they were fully set forth herein.

16. Defendant acted under the color of law while depriving Mr. Dunn of his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

17. Specifically, and as further alleged in the preceding paragraphs above, Defendant viciously assaulted Mr. Dunn for several minutes without provocation, and as Mr. Dunn was complying with Defendant's instructions. As reflected above, Defendant did not apply this use of force in a good-faith effort to maintain or restore discipline, but instead did so maliciously and sadistically to cause harm, which rendered it a use of force in clear violation of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

18. Mr. Dunn's injuries, which required successive rounds of hospitalization, were severe and more than *de minimis*. Mr. Dunn was complying with Defendant's orders and posed no threat to the Defendant, other prisoners, or

himself, so it was entirely unnecessary to use any force at all, let alone the extent of the force that Defendant used.  Because Mr. Dunn was complying with Defendant's instructions and neither made no attempt to threaten Defendant before the attack nor resisted Defendant once the attack had commenced, there was no threat that Defendant could have reasonably perceived  Finally, Defendant made no effort whatsoever to temper the severity of his otherwise forceful response.  All of these facts, and more, indicate that Defendant's use of force was an unnecessary and wanton infliction of pain in violation of Mr. Dunn's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

19.   The acts of Defendant constituted a deliberate, malicious, callous, and reckless indifference to the rights and physical safety of Mr. Dunn and his constitutionally guaranteed right to serve out the remainder of his sentence without any physical harm or injury.  Defendant's acts offend the standards of decency and violate the Eighth Amendment to the U.S. Constitution.

## VI.
## DAMAGES

20.   Mr. Dunn hereby incorporates and re-alleges all preceding paragraphs as if they were fully set forth herein.

21.   The wrongful conduct of Defendant directly resulted in the injuries suffered by Mr. Dunn, including physical injuries, past and future emotional distress,

7

physical pain, mental anguish, disfigurement, impairment, fear, suffering, and economic damages. Accordingly, Mr. Dunn is entitled to recovery of: (a) compensatory damages in the amount to be established at trial as compensation for constitutional deprivations and the injuries inflicted, including, but not limited to, future medical expenses, based upon reasonable medical probability; future expenses for treatment of Mr. Dunn's injuries; Mr. Dunn's past and future physical pain and mental anguish; Mr. Dunn's past and future disfigurement; Mr. Dunn's past and future physical impairment; Mr. Dunn's pain and suffering; (b) punitive damages where appropriate; and (c) attorney's fees and expert fees pursuant to 42 U.S.C. § 1988 and other expenses, in a sum in excess of the minimum jurisdictional limits of this Court.

## VII.
## JURY DEMAND

22. Mr. Dunn hereby incorporates and re-alleges all preceding paragraphs as if they were fully set forth herein.

23. Mr. Dunn asserts his right under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII.
## PRAYER

Based on the foregoing, Mr. Dunn respectfully prays that Defendant Dakota Davidson be found liable for his conduct and that Mr. Dunn recover the following relief:

a. Compensatory damages as compensation for constitutional deprivations; past and future economic loss, physical harm, and emotional trauma as described above;

b. Exemplary/punitive damages to punish Defendant for outrageous and malicious conduct done in reckless disregard for Plaintiff's constitutional rights to discourage Defendant—and others similarly situated—from engaging in similar conduct in the future;

c. Reasonable and necessary attorneys' fees, including attorneys' fees provided by 42 U.S.C. § 1988, including expert fees as provided for in 42 U.S.C. § 1988(c);

d. Prejudgment and post-judgment interest;

e. Costs of court; and

f. Such other and further relief, either at law or in equity, to which Mr. Dunn may show himself justly entitled.

**Dated:  May 26, 2017**               *Respectfully submitted,*

            **FOGLER, BRAR, FORD, O'NEIL & GRAY LLP**
             */s/  Robert H. Ford*
             Robert H. Ford
             Federal ID No. 1392569
             TX State Bar No. 24074219
             Michelle Gray
             Federal ID No. 2148676
             TX State Bar No. 24078586
711 Louisiana St., Suite 500
Pennzoil Place—South Tower
Houston, TX 77002
rford@fbfog.com
mgray@fbfog.com
**COUNSEL OF RECORD FOR PLAINTIFF MICHAEL SHANE DUNN**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on May 26, 2017, the foregoing was served on the following counsel of record via the CM/ECF e-filing system:

Kelsey L. Warren
Assistant Attorney General
Southern District ID No. 3050512
Texas State Bar No. 24095736
kelsey.warren@oag.texas.gov
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080/Fax (512) 936-2109

Shanna Molinare
Assistant Attorney General
Southern District ID No. 3050512
Texas State Bar No. 24095736
shanna.molinare@oag.texas.gov
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080/Fax (512) 936-2109

                                              */s/ Robert H. Ford*
                                              Robert H. Ford

4818-4883-2585, v. 1